UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY P. SWANTAK,

               Petitioner,

v.                                                   CASE NO. 08-10939
                                                   HON. ARTHUR J. TARNOW

GOVERNOR, MICHIGAN PAROLE BOARD,
and WARDEN THOMAS BELL,

               Respondents.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

Petitioner Jeffrey P. Swantak has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. Also pending before the Court is Petitioner's request for production of documents.

Petitioner alleges that he was convicted in Lapeer County, Michigan of operating under the influence of liquor, fleeing from the police, assault with a dangerous weapon, and attempted witness retaliation. He was sentenced on May 10, 2004 to a minimum term of one year, eight months in prison and to a maximum term of five years.

Petitioner filed his habeas corpus petition and request for documents on March 4, 2008. The habeas petition challenges the Revised Parole Bill (House and Senate Bill 4130, P.A. 181), which allegedly became law on September 22, 1992. Petitioner contends that, due to defects in the procedures used to enact the law, the 1992 amendments to the parole statutes are unconstitutional, and the Parole Board lacks jurisdiction over him. He also alleges

that House Bill 4130, P.A. 181, created an *ex post facto* law.

## II. Discussion

Petitioner has no constitutional or inherent right to be released on parole. *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979). Furthermore, although the Constitution prohibits Congress and the states from passing *ex post facto* laws, *see* U.S. CONST. art. I, § 9, cl.3 and art. I, § 10, cl.1, a law is *ex post facto* only if it "punishes as a crime an act previously committed, which was innocent when done, . . . makes more burdensome the punishment for a crime, after its commission, or . . . deprives one charged with crime of any defense available according to law at the time when the act was committed . . . ." *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925). None of these provisions apply here, because Petitioner was convicted and sentenced after the bill in question became law.

Petitioner's other argument is that state officials violated the separation-of-powers doctrine. This claim lacks merit, because the separation of powers between branches of state government is a matter of state law. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). A federal court may not grant habeas relief on the basis of "a perceived error of state law." *Id.* (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Moreover, state officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown,* 27 F.3d 1162, 1165 (6th Cir. 1994) (*en banc*).

Finally, the Court notes that Petitioner filed a previous habeas petition, which challenged parole revocation proceedings and the 1992 revisions to the State's parole statutes. United States District Judge Lawrence P. Zatkoff dismissed that habeas petition for failure to exhaust state

remedies. *See Swantak v. Romanowski*, No. 08-10126 (E.D. Mich. Jan. 18, 2008). Petitioner has not shown that he complied with the exhaustion requirement before filing the present habeas petition.

### III. Conclusion

Petitioner has failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, his application for the writ of habeas corpus [Doc. 1, Mar. 4, 2008] is summarily DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's request for production of documents related to House and Senate Bill 4130 [Doc. 2, Mar. 4, 2008] is DENIED as moot.

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: April 2, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 2, 2008, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Secretary