UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY P. SWANTAK,

              Petitioner,

v.                                        CASE NO. 08-10939
                                        HON. ARTHUR J. TARNOW

GOVERNOR, MICHIGAN PAROLE BOARD,
and WARDEN THOMAS BELL,

              Respondents.
_____/

## ORDER TRANSFERRING PETITIONER'S MOTION
## FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS
## AS A SECOND OR SUCCESSIVE HABEAS PETITION

      Petitioner Jeffrey P. Swantak filed a *pro se* petition for the writ of habeas corpus on

March 4, 2008. The habeas petition alleged that, due to defects in the procedures used to enact

the 1992 amendments to the parole statutes, the Parole Board lacked jurisdiction over Petitioner.

The Court summarily dismissed the habeas petition on the grounds that (1) Petitioner had no

right to release on parole, (2) the amendments did not create an *ex post facto* law, (3) Petitioner's

separation-of-powers argument was a state-law claim for which habeas corpus relief was

unavailable, and (4) Petitioner had failed to show that he exhausted state remedies for his claims.

Currently pending before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Petitioner alleges that (1) he was not asserting a constitutional right to release on parole, (2) the *Ex Post Facto* Clause applies to his situation, (3) state officials may not violate the fair-notice doctrine, and (4) he was unable to exhaust state remedies for his claims due to his inability to pay the appellate filing fee.

Federal Rule of Civil Procedure 60(b)(6) authorizes a federal court to relieve a party from a final judgment for "any . . . reason that justifies relief." However, a motion under Rule 60(b) that seeks to add a new ground for relief or that attacks the Court's previous resolution of a claim on the merits presents a new claim for relief and should be treated like a habeas corpus petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

Petitioner's motion not only attacks the Court's resolution of his *ex post facto* claim on the merits, it also asserts a new claim that state officials violated the fair-notice doctrine. Because the motion presents "claims," as that term has been defined in *Gonzalez*, the motion must be treated like a habeas corpus petition.

Petitioner has already filed one habeas petition, and before he may file a second or successive habeas petition, he must ask the Court of Appeals for an order authorizing this Court to consider his application. 28 U.S.C. § 2244(b)(3)(A). He has not shown that he sought, and was granted, leave to file a second or successive habeas petition.

Accordingly, the Court **ORDERS** the Clerk of Court to  transfer Petitioner's motion to

the Court of Appeals pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th

Cir. 1997) (holding that, "when a second or successive petition for habeas corpus relief . . . is

filed in the district court without § 2244(b)(3) authorization from this court, the district court

shall transfer the document to this court pursuant to 28 U.S.C. § 1631").[1]


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 15, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 15, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.